**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JHONKLEIDER MORA MELERO,<br>Petitioner,<br><br>v.<br><br>J.L. JAMISON, et al.,<br>Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 2:26-cv-08140-JLS |

**ORDER**

**AND NOW**, this 28th day of October 2026, upon consideration of Jhonkleider Mora Melero's petitioner for a writ of habeas corpus, Dkt. No. 1, and the government's response in opposition, Dkt. No. 5, **IT IS HEREBY ORDERED** as follows:

1. The petition is **GRANTED**;[1]
2. The government shall **RELEASE** Jhonkleider Mora Melero from custody immediately and shall certify compliance with this Order by filing on the docket no later than 12:00 PM EST on October 30, 2026;
3. In doing so, the government shall not subject Mora Melero to any conditions of release, including the imposition of any and all GPS monitoring technology or devices that he was not subject to prior to his current detention;
4. The government shall return any and all of Mora Melero's personal property that it seized during his arrest and detention, including his personal identification and documents;
5. The government is temporarily enjoined from redetaining Mora Melero for five days following his release from custody;
6. After the five-day period, if the government chooses to pursue redetention of Mora Melero under 8 U.S.C. § 1226(a), it must first demonstrate through constitutionally adequate

[1] The government's response in opposition "acknowledge[s] that the facts of this case are materially similar to those in *Tenezaca-Bacaela v. Jamison, et al.*, No. 26-cv-7617, ECF No. 10 (E.D. Pa. Oct. 16, 2026) (Schmehl, J)" and "submit[s] that the Petition may be decided upon the papers, without the need for a hearing." Resp. 1, 3, Dkt. No. 5. Because the government concedes the facts are materially similar, the Court will adopt *Tenezaca-Bacacela*'s reasoning and order Mora Melero's release. The Court will not address Mora Melero's Administrative Procedure Act argument because it is unnecessary to grant him the requested relief. *See* Resp. 4 n.3.

procedures that detention is authorized and warranted, including an individualized custody determination and a bond hearing, at which a neutral immigration judge shall determine whether the detention is warranted, pending the resolution of his removal proceedings;

7. Pending any future ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Mora Melero from the Eastern District of Pennsylvania. If the immigration judge determines that Mora Melero is subject to detention under 8 U.S.C. § 1226(a), the government may then request permission form this Court to move Mora Melero if unforeseen or emergency circumstances arise that require him to be transferred from the District. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit Mora Melero's transfer; and
8. In the event of release after a bond hearing, the government shall not subject Mora Melero to conditions of release that are inconsistent with the exact terms as set by the Immigration Judge after the bond hearing, including the imposition of any and all GPS monitoring technology or devices.

**IT IS FURTHER ORDERED** that, upon receipt of the government's certification of compliance with this Order, the Clerk of Court shall **CLOSE** this case.

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*
**JEFFREY L. SCHMEHL, J.**
United States District Court Judge